UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FAYSAL SNOUSSI,

                Plaintiff,

                            **MEMORANDUM AND ORDER**
       -v-                            05 CV 3133 (RJD)(LB)

JOHN BIVONA, Special Agent; et al.,

                Defendants.

----------------------------------------------------------------X
**Bloom, United States Magistrate Judge:**

      This case raises a frequent and important issue in many civil rights cases: how to identify the right defendants. This is especially difficult in cases alleging excessive force, as few plaintiffs know the names of the individuals who allegedly harmed them. As this case demonstrates, especially in a *pro se* case, the initial hurdle of identifying the proper defendants can become a major stumbling block, one that a litigant may not be able to surmount. The proverbial molehill has become a mountain.

      Plaintiff, *pro se*, filed this civil rights action in June 2005 alleging that federal law enforcement officers violated his constitutional rights in connection with his arrest. The complaint named two agents, Bivona and Ramos, who have since been dismissed, and a number of John Doe defendants. When the Court directed the Assistant United States Attorney ("AUSA") to identify the "persons who were present with defendant Bivona at the time of plaintiff's arrest on February 3, 2003," pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam) (document 19), the AUSA moved for reconsideration of that order (document 21). When that motion was denied, the AUSA appealed the order to the district judge. (Documents 30 - 33.) When the Court denied the

-1-

request to vacate the order (document 35), the AUSA produced twenty-five names of individual officers present at the time of plaintiff's arrest, (document 39). The twenty-five individuals named by the AUSA were added as defendants and served with process.

By Memorandum and Order dated August 21, 2008 (document 111) the Court ruled on defendants' motion to dismiss (document 96), and plaintiff's claims were limited to his claim of excessive force. The case was referred to me "to conduct limited discovery with regard to the excessive physical force claim." The Court scheduled a conference and directed defendants' counsel to bring photographs of all defendants to the conference so that discovery could be limited to the individuals involved in the excessive force claim. Defendants asked for reconsideration of the Court's order. The Court relieved defendants of the portion of its order that directed counsel to bring photographs of all defendants to the conference, but proceeded with the scheduled conference. Defendants now move for a protective order.

It is clearly in everyone's interest to make sure the right defendants are pursued. It is also clear that the AUSA must vigorously represent the interests of her clients. However, the government has taken the path of most resistance here and the result has been needless delay and the waste of resources. It is simply not in anyone's interest, and contrary to the interest of justice, to proceed in this manner.

Plaintiff alleges that defendants, who were in his home in Astoria, Queens on the morning of February 3, 2003 "slammed him to the floor," "crushed [his] face to the floor," punched [him] in the face and kicked [him] in [the] ribs." (Complaint ¶ 5.) The Court is not calling on defendants' counsel to agree with plaintiff's version of the events or to acknowledge any defendant's liability. The Court ordered the AUSA to bring photographs of the named defendants to the conference to

streamline the litigation, to eliminate cost and delay. The Court seeks to limit discovery to those officers involved in the excessive force claim.

Although plaintiff is no longer in custody, he is still proceeding *pro se*. However, plaintiff could not brief and present his case regarding defendants' motion for protective order. Therefore, after the October 14, 2008 conference, the Court requested pro bono counsel for plaintiff for the limited purpose of addressing the identification issue in this case.[1] Plaintiff filed his opposition to defendants' motion for a protective order and the defendants have replied. For the following reasons, defendants' motion for a protective order is DENIED. Defendants' counsel is hereby ordered to produce photographs of the twenty-four individual defendants herein[2] to Mr. Maazel and Ms. Greenberger[3] by March 24, 2009.

**DISCUSSION**

Defendants' counsel's nine-page letter motion seeks "an order to protect the due process rights and safety interests of the agents and assure that Plaintiff's identification of the John Doe defendants is conducted in accordance with reliable identification procedures." (Document 113 at 1.) The government, *inter alia*, suggests that the photos should be presented to plaintiff by a law enforcement officer, using a photo array with fillers. As plaintiff points out "[d]efendants seek an

---

[1] The Court is grateful for the pro bono assistance provided by Mr. Ilann Maazel and Ms. Debra Greenberger of Emery Celli Brinckerhoff & Abady, LLP.

[2] The AUSA shall produce the personnel photographs of the individual defendants from 2003, when the underlying incident occurred. Defendants need not produce the photograph of defendant Wesley Fritz, as this agent has declared under penalty of perjury that he was in Holland on the date of plaintiff's arrest. See Exhibit A attached to Document 113.

[3] The Court requested pro bono counsel's assistance for the limited purpose of resolving the identification of defendants. The Court will relieve Mr. Maazel and Ms. Greenberger once the identification has been completed. Thereafter, the Court will seek pro bono counsel for Mr. Snoussi pursuant to 28 U.S.C. § 1915(e)(1) for all further proceedings.

unprecedented ruling in this Circuit: the importation of criminal due process protections into a civil case." (Document 126 at 7.) Moreover, plaintiff argues that defendants' position is "fundamentally at odds with the liberal discovery rules in civil--and particularly, civil rights--cases." Id. The Court agrees.

The Federal Rules of Civil Procedure provide for broad discovery. Any non-privileged material that is relevant to a claim or defense is discoverable, and relevant information "need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). There is no question that the photographs of defendants, all of whom were present at the time of plaintiff's arrest, are discoverable and relevant.

In arguing for the proposed protective order, defendants suggest that because the photos will be used to identify the defendants involved in plaintiff's excessive force claim, the discovery rules do not apply. "[T]he proposed lineup is not being offered as a means to obtain discovery whose admissibility can be challenged at trial. Rather, the photographic lineup is being used as a means to identify the particular defendants who will *then* be subject to discovery. (Reply Memorandum of Law in Further Support of the Individual Defendants' Application for Clarification and/or a Protective Order Regarding the Photographic Identification Process of the John Doe Defendants ("Reply Memo") 10.) In essence, defendants argue that the plaintiff is seeking photographs of John Doe defendants – persons not parties to this action and therefore not subject to discovery. This is not correct. Each individual defendant has been identified by counsel's letter to the Court, albeit not with the degree of care one would hope for.[4]  Therefore, the purpose of producing the

---

[4] It is a mystery how "upon information and belief," an agent who was on duty in Holland at the time of the underlying event was named as an "officer [who] may have been present during part of the questioning of plaintiff." ( See document 39 at 6.)

photographs here is not to identify unnamed John Doe defendants, but to cabin discovery to the defendants allegedly involved in plaintiff's excessive force claim. The photographs to be produced are limited to the named defendants and Fed. R. Civ. P. 34 specifically provides for their production.

Furthermore, cases in this Circuit clearly support plaintiff's position that the photographs should be produced without preconditions. In <u>Castro v. Hernandez</u>, No. 94 Civ. 6767, 1995 WL 699730 (S.D.N.Y. Nov. 28, 1995), where defendants also sought to import criminal identification procedures into a civil rights case, the Court stated "[t]he federal rules governing civil discovery do not authorize imposition of such a requirement as a condition for producing concededly relevant documents." The Court went on to state:

> defendants' position on this matter is plainly at odds with general case law on discovery standards. The logic of defendants' argument would result in conditioning document production on plaintiffs' submission to criminal identification procedures in many civil rights cases involving the police. But discovery in these types of cases is supposed to be particularly liberal . . . and there is surely no justification for making it more difficult to obtain here than in the ordinary run of cases.

<u>Id.</u> at *1 (Internal citations omitted).

Similarly, in <u>Lozano v. City of New York</u>, 88 Civ. 0659, 1992 WL 116433 (S.D.N.Y. Apr. 17, 1992) the Court ordered defendants to produce the photographs of the individual police officers involved in the arrest. The Court stated

> the defendants' specific objections to disclosure of the officers' pictures are unpersuasive. It is important for the plaintiffs to avoid unnecessary litigation by determining early in the process which individual police officers are subject to the claims raised. Thus far, the plaintiffs have simply named as defendants all the officers on the scene; by specifically identifying individual officers, they may be able to eliminate certain defendants altogether and limit the claims against others. The photographs are obviously an important element in this process. Because this is not a criminal case, the defendants' complaints that disclosure of the photos would constitute a "selective lineup" are simply inapposite.

Id. at *2.

Defendants cite one case in the Northern District of Illinois to support their position, <u>Davis v. City of Chicago, et al.</u>, 219 F.R.D. 593 (N.D. Ill. 2004), where the court ordered the protective measures that defendants now seek. However, <u>Davis</u> is inapposite here. In <u>Davis</u>, plaintiffs challenged the lawfulness of four separate and unrelated stops by John Doe police officers in order to demonstrate a policy and practice of unlawful stops, detentions, and searches by the police. There, plaintiffs sought photographs from a large pool of possible John Doe defendants: any officer on duty at the time and in the place of each of the four alleged police stops. None of the individuals requested to produce photographs in <u>Davis</u> had been named as a defendant. Defendants fail to cite a single case in this Circuit where the Court has granted a protective order and required criminal identification procedures to be used in a civil case.

The Court need not distinguish a party's civil discovery obligations in cases where defendants have been named from cases where there are John Doe defendants. The Federal Rules of Civil Procedure afford for the production of photographs that are non-privileged and relevant without preconditions in both types of cases. See <u>Murphy v.West</u>, 533 F.Supp.2d 312 (W.D.N.Y. 2008) (ordering defendants to provide plaintiff with photographs of Correction Officers in order to identify "John Doe" defendants).[5] At the very core of defendants' resistance to producing these photographs is the assertion that without reliable identification procedures, the production of these photos threatens the "constitutional due process rights" of individuals subject to liability in a civil suit. Essentially, defendants seek the constitutional protections afforded criminal defendants for

---

[5]Furthermore, under <u>Valentin v. Dinkins</u>, 121 F.3d 72,76 (2d Cir. 1997) (per curiam), the Court "may pursue any course that it deems appropriate to a further inquiry in to the identity [of a defendant]."

civil defendants.  There is simply no precedent for this.

The Court agrees with defendants that neither "the Federal Rules of Civil Procedure nor the cases cited by Plaintiff support the proposition that a civil defendant's constitutional due process rights should be violated." (Document 128 at 10.)  However, defendants do not identify how the production of the named defendants' photographs violate their constitutional due process rights. Instead, defendants cite to State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), to suggest that because punitive damages (which are available in a *Bivens* claim) "serve the same purposes as criminal penalties," civil defendants should be afforded similar protections as criminal defendants.[6]  This misapplies the cited case.  In Campbell, the Supreme Court recognized a prohibition under the due process clause of the Fourteenth Amendment against the imposition of "grossly excessive" or "arbitrary" punitive damage awards.  However, the Court also recognized that "defendants subjected to punitive damages in civil cases have not been accorded the protections applicable in a criminal proceeding." Id. at 417.  Instead of importing criminal protections into civil proceedings, the Campbell Court developed "guideposts" to determine whether punitive damage awards violate due process.  Campbell does not change the rules of discovery or enlarge civil defendants' constitutional protections as defendants suggest.

As a last argument, defendants raise that they have a "safety and privacy interest in the disclosure and maintenance of their photographs."  The Court does not credit such amorphous and speculative concerns.  However, the Court orders the photographs to be produced to Mr. Maazel and Ms. Greenberg and asks that pro bono counsel retain the photographs and remain in this case until

---

[6]The United States Attorney's Office has begun to make this the same argument regarding the constitutional rights of defendants in other Bivens cases before this Court. See e.g., Torres v. Federal Bureau of Prisons, et al., No. 08 cv 5205 (BMC)(LB), document 9, p.3.

plaintiff identifies the defendants involved in the alleged excessive use of force.[7]

## CONCLUSION

Accordingly, the Court denies defendants' motion for a protective order. (Document 113.) Defendants' photographs, listing defendants' names, shall be produced to plaintiff's counsel by March 24, 2009. Plaintiff's counsel shall complete the identification and write to the Court by April 24, 2009.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 10, 2009
Brooklyn, New York

---

[7]The photographs shall not be copied or given to plaintiff.