UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FAYSAL SNOUSSI,

        Plaintiff,

- against -

JOHN BIVONA, *Special Agent F.B.I.*; JOHN AUSTIN, *Assistant Supervisor-In-Charge, D.E.A.*; TODD LEPKOFKER, *Group Supervisor, D.E.A.*; RODNEY ARRINGTON, *Special Agent, D.E.A.*; ROBERT ZACHARIASIEWICZ, *Special Agent, D.E.A.*; KENNETH ROBBINS, *Former Task Force Officer, D.E.A.*; OREST ZACHARIASEVYCH, *Special Agent, D.E.A.*; JASON SAMUELS, *Special Agent, D.H.S.*; MICHAEL O'BRIEN, *NYPD Detective, F.B.I.*; and ERWIN RAMOS, *Physician's Assistant, B.O.P., in their individual and professional capacities*,

        Defendants.

**ORDER**
**05 CV 3133 (RJD)(LB)**

-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

    Plaintiff moves to re-open discovery and depose any witnesses that defendants intend, and are permitted, to call to testify at trial. (Docket entry 230.) Defendants oppose plaintiff's motion and plaintiff has replied. (Docket entries 232, 233, and 235.) By Order dated November 22, 2011, the Court denied without prejudice plaintiff's request to depose those twenty-three witnesses who are subject to plaintiff's motion *in limine*.[1] Of the fourteen defense witnesses that plaintiff is not seeking to exclude from testifying at trial, plaintiff has already deposed eight and now seeks to depose the other six. Therefore, plaintiff's instant motion is limited to the following six defense witnesses that were not deposed during discovery: former DEA Special

---

[1] Plaintiff has moved *in limine* to exclude the testimony of twenty-three of defendants' thirty-seven proposed witnesses. (Docket entry 228.) Plaintiff's motion *in limine* is not yet fully-briefed.

Agent Mathew Connolly, ICE Senior Special Agent Cher Durst, ICE Senior Special Agent Robert Fagan, ICE Senior Special Agent Kevin Gaines, DEA Special Agent Mark Grey, and DEA Assistant Special Agent-In-Charge Ralph Reyes. Plaintiff argues that defendants' initial disclosures were not sufficiently detailed as to the knowledge of each of these witnesses and therefore plaintiff should be permitted to depose those witnesses at this time.[2]

The Court held a conference on December 21, 2011 to address plaintiff's motion.[3] In order to re-open fact discovery – which closed over seven months ago on May 10, 2011 – plaintiff must demonstrate good cause for his delay in seeking the requested discovery. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Moreover, as plaintiff has already deposed ten fact witnesses and defendants do not consent to additional depositions, plaintiff requires leave of the Court to conduct additional depositions. Fed. R. Civ. P. 30(a)(2)(A)(i) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule."); see Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc., No. 05 Civ. 5741 (HB), 2005 U.S. Dist. LEXIS 27454, at *2 (S.D.N.Y. Nov. 10, 2005) ("Although a witness might have discoverable information, a party is not always entitled to depose that individual."). Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure sets forth the factors that the Court should consider when a party seeks to exceed the ten deposition limit imposed by Rule 30(a)(2)(A)(i).

---

[2] Defendants' initial disclosures state that Connolly, Durst, Fagan, Gaines, Grey, and Reyes "may have information pertaining to the allegations in Plaintiff's complaint and proposed [second amended complaint] and Defendants' defenses thereto, including but not limited to Plaintiff's arrest, the search of Plaintiff's apartment on February 3, 2003, and Plaintiff's alleged injuries and/or lack thereof." (Docket entry 230-1, at Ex. A.)

[3] The Court has ordered the transcript from the conference to be made part of the record.

The parties have had ample opportunity to conduct discovery in this case and the depositions sought by plaintiff are likely cumulative of the testimony provided by other defense witnesses who were also present at the time of plaintiff's arrest. Moreover, defendants' initial disclosures were not so deficient as to warrant the relief sought by plaintiff herein. In addition to identifying the six witnesses in their initial disclosures, defendants specified the role of each witness in plaintiff's arrest in their response to plaintiff's first set of interrogatories,[4] and additional information was disclosed during depositions.

Plaintiff's motion to re-open discovery to depose Connolly, Durst, Fagan, Gaines, Grey, and Reyes is denied, subject to the following limited exception. As discussed on the record, with defendants' consent, plaintiff may depose Grey for three hours when he travels from Thailand to New York for the trial.[5] Defendants shall be precluded from offering any testimony from Connolly, Durst, Fagan, Gaines, Grey, or Reyes at trial that materially differs from the testimony of other defense witnesses who were deposed regarding plaintiff's arrest on February 3, 2003.[6] See Atkinson v. Goord, No. 01 Civ. 0761 (LAK)(HBP), No. 03 Civ. 7759 (LAK)(HBP), 2009 U.S. Dist. LEXIS 27851, at *9 (S.D.N.Y. Apr. 2, 2009) (denying plaintiff's request under Fed. R. Civ. P. 30(a)(2)(A)(i) to conduct additional depositions where plaintiff failed to show that the prospective deponents had information not already adduced, and "preclud[ing] defendants from offering testimony from these witnesses that materially differs from the testimony of the defense witnesses who have already been deposed concerning the assaults which allegedly occurred on January 24, 2001").

---

[4] Defendants' interrogatory responses identified Reyes, Connolly, and Grey as members of the entry team, and Durst, Fagan, and Gaines as present during the execution of the warrants at plaintiff's apartment building. (Docket entry 230-1, at Ex. C.)

[5] Plaintiff shall pay the cost of the deposition and shall provide defendants' counsel with a copy of the expedited transcript.

[6] The Court misstated its preclusion ruling on the record and hereby vacates such ruling to the extent that it is inconsistent with this Order. Nonetheless, the Court correctly cited the Atkinson case and continues to rely upon its holding.

Accordingly, for the reasons set forth herein as well as the reasons stated on the record, plaintiff's motion is denied.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: December 22, 2011
 Brooklyn, New York