

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East-7th Floor
Brooklyn, NY 11201

July 19, 2012

**By ECF and Federal Express**
Honorable Bernard A. Friedman
Senior United States District Judge
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 101
Detroit, Michigan 48226

      Re:   *Snoussi v. Bivona et al.*
            05-cv-3133 (BAF) (LB) (E.D.N.Y)

Dear Judge Friedman:

      This Office represents the seven individually-named Defendants in the above referenced *Bivens* action, which is scheduled for a jury trial commencing on July 31, 2012. This letter is written to respectfully request that Defendants be permitted to call the Honorable Richard J. Sullivan, United States District Judge for the Southern District of New York, out of order due to his limited availability during trial. Defendants sought Plaintiff's consent for this scheduling accommodation, but Plaintiff has declined to consent. Rather, Plaintiff proposes that Judge Sullivan's testimony be taken via videotape deposition and then presented to the jury by video at trial. As discussed below, Judge Sullivan has confirmed his availability for July 31 and should be permitted to provide live testimony to the jury on the first day of trial in order to accommodate his scheduling conflicts.

      A.    **Background**

      As the Court is aware, this action arises out of Plaintiff's arrest on February 3, 2003. Plaintiff alleges that, in the course of effectuating his arrest on February 3, 2003, Defendants used excessive force against Plaintiff, or observed the use of such alleged force but failed to intervene, despite being able to do so. Additionally, Plaintiff alleges that during his arrest, Defendants Bivona and Zachariasiewicz used racial and religious slurs, thereby violating Plaintiff's constitutional right to equal protection.[1] Defendants deny Plaintiff's allegations in their entirety.

---

[1]     Plaintiff has voluntarily dismissed his Equal Protection claim against all other Defendants.

In support of their defense, Defendants will call Judge Sullivan who, at the time of Plaintiff's February 2003 arrest, was an Assistant United States Attorney and Chief of the International Trafficking Unit in the Southern District of New York. Importantly, Judge Sullivan questioned and was present during the questioning of Plaintiff immediately following his arrest. Consequently, Judge Sullivan will offer critical testimony about Plaintiff's interactions with law enforcement officials in the hours after the arrest at issue, Plaintiff's apparent physical condition, and Plaintiff's alleged injuries (and lack thereof), among other things.

Beginning on August 1 and continuing through August 10, 2012, Judge Sullivan will be on summer vacation with his family. Judge Sullivan is therefore available to testify only on the first day of trial, July 31, and he is ready and willing to do so if the Court permits. Plaintiff objects to calling Judge Sullivan out of order as proposed by Defendants and suggests that Defendants offer Judge Sullivan's testimony by video.

### B. The Court Should Accommodate Judge Sullivan's Schedule and Permit him to Testify in Person

The Second Circuit has held that "[a] district judge has considerable discretion in the conduct of a trial," specifically recognizing that allowing witnesses to testify out of order is a permissible exercise of that discretion. *Boyle v. Revici*, 961 F.2d 1060, 1064 (2d Cir. 1992). Courts often exercise their discretion to accommodate witnesses' schedules, and such decisions are routinely upheld on appeal. *See, e.g.*, *Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 892 (7th Cir. 1995) ("[W]itnesses are often called out of order to accommodate their schedules . . ."); *Wall v. Constr. & Gen. Laborers' Union*, No. 3:97-cv-942, 2006 WL 197353, at *7 (D. Conn. Jan. 24, 2006) (allowing a defense witness to be called "out of order on the second day of trial, during the plaintiffs' case" due to his travel schedule); *FASA Corp. v. Playmates Toys, Inc.*, 892 F. Supp. 1061, 1071 (N.D. Ill. 1995) ("[W]itnesses may be called out of order in order to comply with the witnesses' travel schedule and to reduce costs.").

Further, courts have allowed witnesses to testify during the opposing side's case-in-chief where, as here, the availability of the witness so requires. *See, e.g.*, *Hackett v. Breg, Inc.*, No. 10-cv-1437, 2011 WL 4550186, at *4 (D. Colo. Oct. 3, 2011) ("The Court is willing to take defense witnesses out of order, that is, during the presentation of the plaintiff's case, to accommodate the witnesses' schedules. The Court will expect plaintiff to cooperate in that regard."); *Wall*, 2006 WL 197353, at *7; *Tice v. Wilson*, 425 F. Supp. 2d 676, 687 n. 5 (W.D. Pa. 2006) *aff'd*, 276 F. App's 125 (3d Cir. 2008).

Here, the Court should permit Defendants to call Judge Sullivan out of order to accommodate his schedule and his family's summer vacation plans. Defendants do not anticipate that Judge Sullivan's testimony will take much time. Taking Judge Sullivan out of order will not pose any inconvenience for the jury, the Court, or the parties.

Nor will Plaintiff be prejudiced by taking Judge Sullivan's testimony out of order. Indeed, courts have declined to find prejudice where a defense witness is taken out of order in the plaintiff's case-in-chief. *See Puiatti v. McNeil*, 626 F.3d 1283, 1317 n. 33 (11th Cir. 2010) *cert. denied*, 131 S. Ct. 3068 (2011) (stating that the argument against taking witnesses out of

order "rest[s] on a canard that jurors are unable to account for an out-of-order witness"); *United States v. Meo*, 15 F. 3d 1093 (9th Cir. 1994) (allowing testimony from two defense witnesses during the prosecution's case over the initial objection of the prosecution).

In addition, Defendants should be permitted to offer Judge Sullivan's live testimony. Undoubtedly, there is a strong preference for in-person testimony over video testimony. Indeed, the Advisory Committee Notes for the 1996 amendments to Civil Rule 43(a) iterate "[t]he importance of presenting live testimony in court cannot be forgotten. . . . The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43 advisory committee's note; *see also United States v. Navarro*, 169 F.3d 228, 239 (5th Cir. 1999) (stating that there is a "a clear preference for live in-court testimony."); *Stoner v. Sowders*, 997 F.2d 209, 213 (6th Cir. 1993) (observing that, with video testimony, "[t]he immediacy of a living person is lost. . . . television is no substitute for direct personal contact. Video tape is still a picture, not a life . . ."). Live testimony will be particularly important in the upcoming trial where jurors' assessment of each witness' credibility is critical, and where each assessment will be based not only on the witness' testimony but also on his or her demeanor and other physical cues discernable only in person.

In the rare instances in which Second Circuit courts have been willing to accept video depositions, those decisions have been predicated on the infeasibility of live testimony. *See, e.g.*, *Koch v. Pechota*, 10 Civ. 9152, 2012 WL 2402577, at *7 (S.D.N.Y. June 26, 2012) (acknowledging that "live testimony is preferable" to videotaped deposition, but accepting a video where the relevant witness was residing in the Czech Republic). Here, although his availability is limited, Judge Sullivan is available and willing to present live testimony in court. Subjecting Judge Sullivan instead to an unnecessary video deposition would be a greater imposition on his schedule as an active Article III judge with a busy docket and numerous personal and professional engagements, as well as an unnecessary expense for all parties. The Court should therefore permit Judge Sullivan to be called on the first day of trial both to facilitate his live testimony and avoid unnecessary costs.

Hon. Bernard A. Friedman     Page 4
July 19, 2012

      For the foregoing reasons, we respectfully request that Defendants be permitted to call Judge Sullivan on the first day of trial, July 31, 2012. Should Your Honor wish to discuss this matter further, we are available at the Court's convenience. We thank the Court for its consideration of this request.

      Respectfully submitted,

      LORETTA E. LYNCH
      United States Attorney
      Eastern District of New York

By:     s/ electronically signed
      Catherine M. Mirabile
      Ameet B. Kabrawala
      David M. Eskew
      Assistant U.S. Attorneys
      (718) 254-6055/7000

Cc:     By Email
      Christopher P. Moore, Esq. – cmoore@cgsh.com
      David Oliwenstein, Esq. – doliwenstein@cgsh.com
      Christopher F. Maranto, Esq. – cmaranto@cgsh.com
      Jerilin Buzzetta, Esq. – jbuzzetta@cgsh.com
      CLEARY GOTTLIEB STEEN & HAMILTON LLP
      *Attorneys for Plaintiff*
      One Liberty Plaza
      New York, New York 10002